```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
                                          )
JOSE RODRIGUEZ CRUZ,                      )
                                          )
          Plaintiff,                      )   Civ. No. 2015-50
                                          )
          v.                              )
                                          )
KIPPY ROBERSON, ROBERT MALLOY,            )
UNITED STATES VIRGIN ISLANDS              )
GOVERNMENT, MARISOL COLON,                )
KENNETH GITTENS, NOVELLE FRANCES          )
JR., THOMAS HANNAH,                       )
                                          )
          Respondent.                     )
                                          )
```

**Appearances:**

**Jose Rodriguez Cruz**
Lecanto, FL
    *Pro se plaintiff.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the complaint of Jose Rodriguez Cruz.

### I. FACTUAL AND PROCEDURAL HISTORY

On August 10, 2015, Jose Rodriguez Cruz ("Cruz") filed a complaint in this action. On August 21, 2015, Cruz filed an amended complaint. On October 26, 2015, Cruz filed two additional documents which appear to assert additional claims.

On May 11, 2016, the Magistrate Judge entered an order identifying several deficiencies with Cruz's filings. Significantly, the Magistrate noted that Cruz had neither paid a filing fee nor moved to proceed *in forma pauperis*. The Magistrate ordered Cruz to move to proceed *in forma pauperis* or pay the required filing fee no later than June 30, 2016. The Magistrate further warned Cruz that a failure to comply with that order would result in the dismissal of his case.

As of January 30, 2017, Cruz had not complied with the Magistrate's order. On January 30, 2017, the Magistrate entered a Report and Recommendation recommending that the Court dismiss this action.

Subsequently, on February 13, 2017, Cruz paid the filing fee. On December 14, 2017, the Court entered an order observing that there was no indication in the record that any of the defendants had been served or waived service of process. Accordingly, the Court ordered Cruz to "file a brief that will show cause why his amended complaint should not be dismissed for failure to serve." *See* ECF No. 11 at 3.

On January 11, 2018, Cruz filed a brief asserting that he "contacted [his] daughter (Keishla Rodriguez) who has my power of attorney and informed her of . . . [the Court's show-cause order]" and "instruct[ed] her to make contact with the clerk of

the district court to get this matter addressed and rectified." *See* ECF No. 13 at 1. Cruz also asserted that a correction officer had taken Cruz's "court documents." *See id.*

There has been no further activity in this action. Upon reviewing the record, the Court still sees no indication that any of the defendants have been served with process or waived service of process.

## II. DISCUSSION

### A. Extension for Good Cause

Federal Rule of Civil Procedure 4 ("Rule 4") provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In determining whether good cause for an extension exists, the Court considers (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; and (3) whether the plaintiff has moved for an enlargement of time. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Ultimately, good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* (quoting *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1312 (3d Cir.1995) (Becker, J., concurring in part and dissenting in part)).

With respect to the reasonableness of Cruz's efforts to effect service, Cruz has not described any steps he took to effect service. Indeed, there is no indication in the record that Cruz made any effort to effect service. *See Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987) (explaining that "unexplained delinquency" does not constitute good cause). Further, Cruz has not moved for an enlargement of time to effect service.

With respect to the prejudice to the defendants, "justice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196-97 (3d Cir. 1998). For this reason, "[t]here comes a time when delay in proper service is prejudicial to the opposing party," and any "elapse in time results in witness unavailability, events forgotten and documentation lost." *Okagbue-Ojekwe v. Fed. Bureau of Prisons*,

No. 03-CV-2035-NLH-JS, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010). Cruz commenced this action over three years ago, in August, 2015. No defendant has been served in that time. The Court finds this lengthy period of time to be prejudicial.

In sum, Cruz has failed to demonstrate good cause justifying an extension of time to effect service.

### B. Discretionary Extension

Although Cruz has failed to demonstrate good cause for his failure to serve, this does not end the Court's analysis. A "district court must consider whether any other factors warrant extending time even though good cause was not shown." *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1307 (3d Cir.1995). In assessing whether the Court should grant a discretionary extension, the Court must consider the following factors:

> actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

The first factor the Court considers is actual notice. *Id.* There is no indication in the record that any defendant has

actual notice of this action. This factor therefor weighs in favor of dismissal. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011).

Next, the Court considers whether granting an extension would prejudice the defendants. *See Chiang*, 331 Fed. App'x at 116. As the Court observed above, the defendants have been prejudiced in their ability to defend this case by the long passage of time during which these defendants have not preserved any testimony or otherwise undertaken any efforts to preserve a defense. Accordingly, this factor weighs in favor of dismissal.

The third factor the Court considers is whether the statute of limitations on the plaintiff's claims have run. Cruz raises claims under 42 U.S.C. § 1983 asserting that his constitutional rights were violated during a May 11, 2015, criminal trial. It is well understood that "[42 U.S.C. §] 1983 claims should be uniformly ruled by the states' personal injury statutes of limitations." *Callwood v. Questel,* 883 F.2d 272, 274 (3d Cir.1989). In the Virgin Islands, the statute of limitations for personal injury actions is two years. 5 V.I.C. § 31(5)(A).

To determine whether Cruz's claim would be time-barred by that limitation period, the Court must determine when his claim began to accrue. "Federal law which governs the accrual of section 1983 claims establishes that the limitations period

begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991). Here, Cruz should have known of his alleged injuries upon his conviction after the May 11, 2015, trial. More than two-years have elapsed since that date. Cruz's claims would be time-barred were the Court to dismiss this action. Accordingly, this factor weighs in favor of an extension.

The fourth factor the Court considers is the behavior of the defendants. *See Chiang,* 331 Fed. App'x, at 116. This factor focuses on whether the defendants attempted to evade service or otherwise acted in bad faith. *See, e.g.*, *Arias v. Cameron*, 776 F.3d 1262, 1271 (11th Cir. 2015). Here, there is no evidence any defendant attempted to evade service or acted in bad faith. As such, this factor weighs in favor of dismissal.

The fifth factor the Court considers is whether the plaintiff was represented by counsel. *See Chiang,* 331 Fed. App'x at 116. Cruz is a *pro-se* litigant, and accordingly, this factor favors an extension.

Considering these factors together, the Court concludes that an extension of time to effect service is not warranted. *See Chiang*, 331 Fed. App'x at 116 ("The running of the statute of limitations may be a factor supporting the discretionary

granting of an extension of time to make service under Rule 4(m), but it does not *require* the district court to extend time for service of process . . . .'" (citations and internal quotation marks omitted)). Accordingly, the Court will dismiss this action.

    An appropriate judgment follows.


                                    S\_____
                                      **Curtis V. Gómez**
                                      **District Judge**